MARGUERITE DEL RIO, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Second Department, April 1, 1935.

*Ralph Earl Prime, Jr.,* for the appellant.

*Kenneth C. Quencer* [*Bern Budd* with him on the brief], for the respondent.

PER CURIAM.   Plaintiff, the beneficiary under a $5,000 life insurance policy issued by defendant on the life of her husband, sued to recover double idemnity provided for therein, by reason of his death as a result of an automobile accident.   A quarterly premium of seventeen dollars and fifty cents became due December 9, 1929,

with thirty days' grace thereafter for payment, all previous premiums having been paid. On December 11, 1929, the insured received a check from the defendant for thirty-two dollars as the result of an application previously made for a maximum loan. The check was accompanied with a printed and written statement, reading in part:

| | |
|---|---|
| " Company's check | $32 00 |
| Annual premium due | |
| Total new loan | $32 00." |

The insured died on March 1, 1930.

Under subdivision 7 of section 101 of the Insurance Law the defendant was required to deduct from the loan to which the insured was entitled the premiums to the end of the policy year, or fifty-two dollars and fifty cents. According to the terms of the policy and the agreement of the parties for quarterly premium payments, any " indebtedness " due the company at the time of making a loan should have been deducted. This indebtedness was a quarterly premium of seventeen dollars and fifty cents, payable December 9, 1929.

If the requirements of the policy, or of the Insurance Law, had been complied with, and there had been a deduction of the quarterly premium or the premiums for the balance of the policy year, the policy would have been in full force on the day of the death of the insured.

In our opinion, the insured, when he received the check for the loan of thirty-two dollars, had a right to assume that the quarterly premium due December ninth had been deducted. If the Insurance Law had been strictly complied with, no loan would have been made, because the unpaid premium for the balance of the policy year totaled fifty-two dollars and fifty cents, or more than the loan value of thirty-two dollars, and it must be assumed that if the loan had been refused the insured would have paid the quarterly premium of seventeen dollars and fifty cents due December 9, 1929, within the grace period of thirty days thereafter. Inasmuch as the defendant, a foreign corporation, is authorized to do business within this State, the provision of the Insurance Law above referred to is controlling, regardless of the terms of the policy (Ins. Law, § 101, last ¶; *People* v. *Metropolitan Surety Co.*, 211 N. Y. 107; *New York Life Ins. Co.* v. *Dodge*, 246 U. S. 357), and under that law the defendant was required to deduct from the loan value " any unpaid balance of the premium for the current policy year; " and the law further provides that the insurer may collect

interest in advance and may defer a loan for not to exceed six months. It is clear that the insured did not intend to let the policy lapse at the end of any quarter, and he had a right to rely upon strict compliance by the defendant with the terms of the policy and the Insurance Law. It follows, therefore, that the policy had not lapsed at the time of the death of the insured on March 1, 1930.

The judgment should be affirmed, with costs.

LAZANSKY, P. J., TOMPKINS and JOHNSTON, JJ., concur; DAVIS, J., with whom HAGARTY, J., concurs, dissents and reads for reversal and for dismissal of the complaint.

DAVIS, J. (dissenting). I dissent and vote to reverse the judgment on the law and to render judgment for the defendant, dismissing the complaint.

The interest of the plaintiff, the beneficiary named in the policy, was contingent, subject to the right of the insured to obtain loans on the policy without her consent and without notice to her; and to his right to cause the policy to lapse by non-payment of premiums. She was not a " donee beneficiary " in the strict legal sense. Present or future unpaid premiums were not an " indebtedness " as defined either in the policy or in subdivision 7 of section 101 of the Insurance Law. The insured could elect whether he would pay them or not, and the insurer had no right of action to collect them. If unpaid at the end of the grace period, the policy lapsed, which is what occurred in this case. At the time the insured made application for a maximum loan on the policy no premium was due; nor was it legally due at the time the loan was made. In the obscurities of subdivision 7 of section 101 of the Insurance Law I find no mandatory provision that the insurer must deduct from the loan asked by the insured the " unpaid balance of the premium for the current policy year." If that had been enforced, the insured would not have been entitled to a loan, for the loan value did not equal the yearly premiums. So the provision as thus interpreted would render action impossible. Beyond that, the insured had elected to pay premiums quarterly, and he had the right to elect to stop paying at the end of any quarter, and let the policy lapse. The insurer had no right under the contract to collect a year's premium in advance. The policy and the statute outlined the general rights of the parties, subject to mutual agreement and the right of either party to waive rights at best somewhat obscure. The insurer offered the insured three options and he took the one most favorable to him at the time, thereby waiving any right the statute gave him. The insurer had the right to waive prepayment of the premium which the insured was not at the time obligated to pay. The latter

had the choice to pay at the end of the grace period or to let the policy lapse by non-payment. Evidently he chose the latter course, for the premium was not paid. In my opinion there exists no legal right or equity which justifies recovery by the plaintiff on this lapsed policy.

HAGARTY, J., concurs.

Judgment affirmed, with costs.